IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| G-MET, LLC,<br>as Assignee of MBT Banchares, Inc.<br>and Missouri Bank and Trust Company<br>of Kansas City,<br><br>        Plaintiff,<br><br>vs.<br><br>ST. PAUL MERCURY<br>INSURANCE COMPANY,<br><br>        Defendant. | Case No. 17-00070-CV-W-ODS |

## ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE
## AND STAY DISCOVERY

Pending is Defendant's motion to bifurcate and stay discovery as to Count II of Plaintiff's Complaint. Doc. #32. For the reasons below, the Court denies the motion.

### I. BACKGROUND

On January 31, 2017, Plaintiff filed its Complaint, alleging Defendant breached the terms of Financial Institution Bond No. 0480PB0628 ("the FIB" or "FIB"). Doc. #1. Pursuant to the FIB, Defendant agreed to indemnify Plaintiff[1] for a variety of potential losses in specified amounts detailed under multiple insuring clauses. Doc. #1-2. After suffering what it believed to be a loss covered by the FIB, Plaintiff submitted a claim, but Defendant denied the claim after determining the FIB did not cover Plaintiff's loss.

Plaintiff's Complaint has two counts. Count I alleges a breach of contract, stating that "[b]y refusing to indemnify MBT for the losses resulting from the forged, fraudulent, and/or altered instructions, advices, withdrawal orders, receipts or security agreements under the FIB, [Defendant] breached the terms of the FIB...." Doc. #1, at 6. Count II

---

[1] Plaintiff proceeds as the real party interest following an assignment of claims from MBT Bancshares, Inc. and Missouri Bank and Trust Company of Kansas City. *See* Docs. #25-28. For simplicity, the Court uses "Plaintiff" throughout this opinion, encompassing G-Met, LLC and entities that assigned claims to G-Met, LLC.

alleges "[Defendant's] refusal to indemnify MBT pursuant to the FIB was vexatious and without reasonable cause or excuse in that the plain language of the FIB unambiguously indicates..." the FIB covered Plaintiff's losses. Doc. #1, at 7. Plaintiff seeks damages for Defendant's alleged breach of contract and vexatious refusal, but does not seek punitive damages. *See generally* Doc. #1.

After receiving the parties joint proposed scheduling order (Doc. #15), the Court entered a Scheduling and Trial Order on April 19, 2017. Doc. #16. More than five months after entry of the Scheduling and Trial Order and the commencement of discovery, Defendant moves to bifurcate any trial on Count I from Count II, and seeks a stay of discovery related to Plaintiff's vexatious refusal claim in Count II.

## II. STANDARDS

Federal Rule of Civil Procedure 42(b) states "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims." Fed. R. Civ. P. 42(b). This permissive language gives district courts broad discretion to bifurcate issues for separate trials. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990); *Daniels v. City of Sioux City*, 294 F.R.D. 509, 511 (N.D. Iowa 2013). A case-by-case analysis of relevant facts and circumstances is required, and bright-line rules are not appropriate. *Daniels*, 294 F.R.D. at 511 (citations omitted).

In addition to the considerations set forth in Rule 42(b), "district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Hercules*, 904 F.2d at 1202 (citing *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1042 (8th Cir. 1983)). The district court's ruling on a motion to bifurcate is reviewed for an abuse of discretion. *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000). "[T]he key issue is whether bifurcation is necessary to avoid prejudice." *Niver v. Travelers Indem. Co. of IL*, 430 F. Supp. 2d 852, 872 (N.D. Iowa 2006) (citing *Athey*, 234 F.3d at 362). A district court does not abuse its discretion by denying a motion to bifurcate if the movant failed to show the denial prejudiced its case. *Athey*, 234 F.3d at 362.

2

Federal Rule of Civil Procedure 26(c)(1)(D) authorizes the Court, for good cause, to "limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Discovery is designed to be broad, and liberally construed to provide parties with essential information relevant to issues, or potential issues, in the case. Fed. R. Civ. P. 26(b)(1); *Daniels*, 294 F.R.D. at 512 (citations omitted). A district court's power to stay proceedings is inherent in its ability to manage its own docket, but a stay of a civil matter is an "extraordinary remedy." *Infodeli, LLC v. W. Robidoux, Inc.*, 15-CV-00364-BCW, 2016 WL 6920524, at *2 (W.D. Mo. Feb. 22, 2016) (citation omitted). The party seeking a discovery stay bears the burden to establish good cause for the requested stay. *Id.*

### III. DISCUSSION

The Court finds bifurcation and a discovery stay are not warranted based on the facts and issues of this case. Plaintiff's two claims are based on a single act – Defendant's denial of Plaintiff's insurance claim. Defendant argues these claims are not intertwined because Count I is a question of law to be decided by the Court, while Count II is a question of fact for the jury requiring Plaintiff to prove additional elements beyond a breach of contract. Simply because Count II involves additional elements to be proved at trial does not persuade the Court that the claims are so distinct and separable as to require bifurcation. In fact, the Missouri Approved Jury Instructions, from which the Court will formulate jury instructions per the Court's Scheduling and Trial Order, indicate a vexatious refusal to pay claim is tried with a breach of contract claim in an insurance coverage case. *See* MAI (Civil) 10.08 (7th ed.) (providing damages instruction for a vexatious refusal claim with reference to the jury first finding in favor of plaintiff on insurance policy claim). That Plaintiff's claims are based on the same conduct weighs heavily against bifurcation and a discovery stay.

Additional considerations also weigh against bifurcation and a discovery stay. Defendant asserts it will be prejudiced at trial by presentation of evidence related to the vexatious refusal claim prior to a finding that Defendant breached the FIB. Curiously, Defendant asserts the facts surrounding Count I are "largely undisputed and the relevant Bond provisions are clear and unambiguous," and states "Count I is a question

of law to be decided by this Court...." Docs. #33, at 4; #41, at 2. If true, Count I will be resolved by the Court on a motion for summary judgment, rather than presented to a jury. *See Weitz v. MH Washington*, 631 F.3d 510, 524 (8th Cir. 2011) (explaining that, under Missouri law, determining the meaning of an unambiguous contract provision is a question of law for the court to decide). If the Court finds Count I should be presented to the jury, the Court can take measures to prevent presentation of evidence related to Count II unless and until Plaintiff makes a submissible case on Count I. Such steps ensure Defendant will not be prejudiced by a simultaneous trial on both claims.

The Court also believes bifurcation and a discovery stay would not "expedite and economize" this proceeding. The parties' deadline to complete discovery is currently December 20, 2017. Doc. #16, at 2. To bifurcate and stay discovery as to issues relevant to Count II would require the Court to maintain current pre-trial and trial settings for Count I, and issue a second order setting new discovery deadlines, pre-trial, and trial settings for Count II. Defendant references the potential for a discovery dispute related to Count II, but any potential dispute does not establish good cause to stay discovery. The Court stands ready to quickly and efficiently resolve any disputes prior to the close of discovery and filing of dispositive motions. Furthermore, the Court believes evidence and witnesses relevant to each count are likely to overlap because Plaintiff's two claims arise from the same underlying denial of coverage, weighing against bifurcation and a discovery stay. Given the above, the Court finds bifurcation and a discovery stay are not warranted, and denies Defendant's motion.

## IV. CONCLUSION

Defendant's motion to bifurcate and stay discovery as to Count II is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 8, 2017       UNITED STATES DISTRICT COURT